IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HUGH MAURICE ALLEN WADE         *
       Petitioner
                                                  Civil No. JKB-15-3372
   v.                               *    Criminal No. JKB-77-0565

UNITED STATES OF AMERICA        *
       Respondent
                                               *****

**<u>MEMORANDUM</u>**

On November 4, 2015, Hugh Maurice Allen Wade, an inmate incarcerated at the Federal Correctional Institution in Fairton, New Jersey, filed a 91-page motion to vacate under 28 U.S.C. § 2255 seeking to vacate his federal 1979 conviction and judgment on a drug offense and his federal 1980 conviction for bank robbery and related offenses. ECF No. 35. As the motion cited to both of Wade's federal convictions, it was filed in both of his two criminal cases.[1] For reasons to follow, the motion shall be denied and dismissed.

Wade was convicted of one count of drug possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). On February 5, 1979, Judge Herbert F. Murray entered judgment sentencing Wade to a fifteen-year term and a special parole term of five years. *See United States v. Wade*, Criminal No. JKB-77-0565 (D. Md.). On or about February 19, 1980, the United States Court of Appeals for the Fourth Circuit affirmed the criminal judgment. *Id*. at Paper No. 25. In February of 1980, Wade's first motion to vacate, originally closed as premature, was reopened and the government was directed to file a response. *Id*. at ECF Paper Nos. 26 & 27. After briefing by the parties, on April 16, 1980, Judge Herbert F. Murray denied

---

[1] On November 6, 2015, Wade's motion to vacate, filed in *United States v. Wade*, Criminal No. JKB-78-0442 (D. Md.); *see also* Civil Action No. JKB-15-3373 (D. Md.), was denied. *Id*. at ECF No. 93.

the motion. *Id*. at Paper Nos. 31 & 32.

In addition, Wade entered a guilty plea to one count of bank robbery in violation of 18 U.S.C. § 2113. On February 5, 1979, Judge Frank A. Kaufman sentenced Wade to serve twenty years, with ten of those years to be served concurrent to the fifteen-year term imposed by Judge Murray. *See United States v. Wade*, Criminal No. K-78-0442 (D. Md.). On July 1, 1979, Wade filed his first motion to vacate during the pendency of the appeal. *Id*. at Paper No. 34. On February 19, 1980, the Fourth Circuit reversed the judgment of this court and remanded the case. *Id*. at Paper No. 44. After a jury trial, Wade was convicted of bank robbery, bank larceny, and assault during the course of a bank robbery. On May 29, 1980, Judge Edward S. Northrop sentenced Wade to a term of ten years on the bank robbery offense, to run consecutively to the fifteen-year term imposed by Judge Murray. The sentences on the other two counts were to run concurrently to the bank robbery sentence. *Id*. at Paper No. 59. Judgment further provided that if the convictions were affirmed on appeal, the "court will set aside the convictions imposed in the lesser counts as merging into the sentence imposed under the greater count." *Id*. On or about December 8, 1982, the Fourth Circuit affirmed the judgment. *Id*. at Paper No. 86.

Here, Wade seeks to vacate his 1980 conviction, which would reduce his sentence from twenty-five years to fifteen years, with a five-year special parole term under the "Holloway Doctrine." *See United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). He claims that the "Holloway Doctrine" recognizes that the district courts have the discretion to reduce a defendant's sentence in the interest of fairness "even after all appeals and collateral attacks have been exhausted and there is neither a claim of innocence nor any defect in the conviction or sentence."

2

Wade observes that in 2003 he was convicted in the Circuit Court for Baltimore City on charges of theft, counterfeiting, and identity fraud and sentenced to a twenty-one year term. He claims he served twelve years on that sentence and a parole violation warrant was executed by the United States Marshal on October 2014. Wade asserts that he was wheelchair bound and confined to a hospital due to cancer of the bone marrow. He claims that he received a parole revocation hearing and a U.S. Parole Commission ("Commission") Examiner recommended closing out his case, awarding him credit for the twelve years he served in the Maryland Division of Correction ("DOC"). ECF No. 1 at p. 7. Wade maintains that the Commission reversed the Examiner's determination and ordered him to serve nine years.[2] *Id*.

Wade argues that it has been nearly 38 years since he was incarcerated for his offenses. He alleges that his parole violations have set back his maximum release date of 2002. He offers multiple reasons for reducing his sentence, *i.e.*, his employment while on parole, his educational achievement while confined, his "exemplary" disciplinary record, and his failing health.[3] Wade does not contest his guilt, but claims that he has been incarcerated for a cumulative period of twenty-eight years, and if the United States Attorney would give him credit for the time he served in the Maryland DOC, he would be a free man. He asks the court to apply the *Holloway*

---

[2] Attachments show that Wade's appeal to the National Appeals Board from the Commission decision was unsuccessful. The Board found that the Commission decision was justifiably rendered outside the guidelines because Wade was found to be a "more serious risk than indicated by [his] salient factor score due to [his] history of repetitive sophisticated criminal behavior involving fraud, identity theft, and the manufacture and cashing of counterfeit business payroll checks." It further noted that Wade had two prior convictions committed while on parole for bank robbery that involved sophisticated fraud similar to his current violation behavior. ECF No. 1 at pp. 41-54.

[3] Wade claims and provides documentation to illustrate that he has multiple myeloma and an enlarged liver, and he has been confined to a wheelchair for several years. ECF No. 1 at pp. 55-87.

Doctrine to his case. *Id*. at pp. 8-9.

In *Holloway*, Judge John Gleeson recognized the excessive nature of defendant Francois Holloway's mandatory minimum sentence of fifty-seven years for three convictions under 18 U.S.C. § 924(c) and called on the U.S. Attorney's Office to agree to an order vacating two of Holloway's three § 924(c) convictions so Holloway could face a "more just resentencing." *Holloway*, 68 F. Supp. 3d at 314. The United States Attorney's Office, then under the direction of current Attorney General Loretta Lynch, ultimately agreed to the court's vacatur of two of the § 924(c) convictions, and the court proceeded to resentence Holloway on the remaining § 924(c) count.

While the *Holloway* ruling is educational and the court is sympathetic to Wade's documented medical situation, it finds no basis to apply the benefits of the *Holloway* decision, a New York federal district court ruling, to Wade's criminal cases. Wade's federal sentences imposed in this court cannot be characterized as excessive, harsh, or disproportionately severe. Further, he was released from U.S. Bureau of Prisons custody and acknowledges that he committed state offenses, for which he received a substantial sentence.[4] Consequently, Wade's motion to vacate his federal sentence shall be denied.[5]

An inmate who filed a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). "A certificate of appealability may

---

[4] The state docket shows that in 1995, a Hugh Maurice Allen Wade was convicted on conspiracy, counterfeiting, and handgun counts. Further, in 2003, a Hugh Maurice Allen Wade was convicted on a count of identity theft. *See* http://casesearch.courts.state.md.us/casesearch/inquiry-results.jsp?

[5] Wade's motion is properly construed as a petition for commutation of sentence. Such a request may be submitted to the Department of Justice.

issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c) (2). The defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller- El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). A separate Order shall be entered reflecting the opinion set out herein.

DATED this 30th day of November, 2015.

                                                              BY THE COURT:

                                                               _____/s/_____
                                                               James K. Bredar
                                                              United States District Judge